101 F.3d 686
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Gary MORSONY; Candy Morsony, Plaintiffs-Appellants,
v.
TECH WELD LTD, Defendant,
Mack Trucks, Inc, Defendant-Appellee.
 No. 95-9102.
 United States Court of Appeals, Second Circuit.
 May 29, 1996.
 
 APPEARING FOR APPELLANTS: George C. Trovato, Grey & Grey, Farmingdale, NY.
 APPEARING FOR APPELLEE: Thomas J. Maimone, Maimone & Angel, Mineola, NY.
 E.D.N.Y.
 AFFIRMED.
 Before MESKILL and MINER, Circuit Judges, and LASKER,* District Judge.
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Eastern District of New York, it is hereby
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is AFFIRMED.
 This cause came on to be heard on the transcript of record and was argued by counsel.
 Plaintiffs-appellants Gary Morsony and his wife, Candy Morsony (the "Morsonys") appeal from a judgment entered in the United States District Court for the Eastern District of New York (Wexler, J.), following a jury trial, dismissing their products liability action.
 
 
 1
 Gary Morsony was employed by Lewis Oil Company as a truck driver and oil delivery person. During the course of his employment, Morsony regularly drove an oil delivery truck known as Truck # 499. However, in mid-April of 1992, Morsony was assigned to Truck # 485, because Truck # 499 was being repaired. Truck # 485 was a "MB" model truck, manufactured by defendant-appellee Mack Trucks, Inc. ("Mack Trucks") in 1978.
 
 
 2
 On May 14, 1992, Morsony was using Truck # 485 to make oil deliveries. After making a delivery to a residence in Lake Grove, New York, he opened the driver's side door of the truck, and reached inside and grabbed the interior door handle to assist himself into the truck. As Morsony pulled himself into the cab with the assistance of the door handle, the door handle broke, causing Morsony to fall backwards and hit his lower back on the adjacent curb. As a result of the fall, Morsony was injured.
 
 
 3
 On April 23, 1995, the Morsonys commenced a diversity action in district court against Mack Trucks. In their complaint, the Morsonys alleged four causes of action: (1) negligent design; (2) negligent failure to warn; (3) strict products liability; and (4) loss of consortium and services.
 
 
 4
 At trial, the Morsonys sought to prove that the design of Truck # 485 was defective because it failed to provide grab bars on the inside and outside of the truck, and therefore entry into the truck's cab was hazardous. As support for their allegation, the Morsonys sought on numerous occasions to introduce photographs of Truck # 499. According to the Morsonys, these photographs were relevant because they showed that Truck # 499, which was manufactured two years after Truck # 485, had an exterior grab handle, unlike Truck # 485. However, the district court ruled that the photographs would only be admissible as evidence if Mack Trucks presented evidence contesting the feasibility of attaching an exterior grab handle to Truck # 485. On October 3, 1995, the jury returned a verdict in favor of Mack Trucks. Judgment was entered on October 3, 1995. This appeal followed.
 
 
 5
 The Morsonys claim that the district court committed reversible error by refusing to allow them to introduce photographs of Truck # 499 into evidence. While the Morsonys concede that Fed.R.Evid. 407 precludes the admissibility of evidence of subsequent remedial measures, they claim that the photographs were admissible to refute Mack Trucks' contention that exterior grab handles on Truck # 485 were not feasible.
 
 
 6
 We review a district court's decision to exclude evidence of subsequent remedial measures for an abuse of discretion. See Pitasi v. Stratton Corp., 968 F.2d 1558, 1561 (2d Cir.1992). Federal Rule of Evidence 407 states that "evidence of the subsequent [remedial] measures is not admissible to prove negligence or culpable conduct." However, this is not an absolute exclusion. Rule 407 also states that evidence of subsequent remedial measures may be introduced to prove the "feasibility of precautionary measures, if controverted."
 
 
 7
 In the present case, the Morsonys claim that the photographs of Truck # 499 should have been received in evidence for the purpose of rebutting the testimony of Mack Trucks' expert witness, Kenneth Eland. According to the Morsonys, Eland testified as to the infeasibility of an exterior grab handle when he stated on both direct and cross-examination that an exterior grab handle would not be suitable for purposes of assisting a person in getting in and out of a MB model truck such as Truck # 485.
 
 
 8
 However, we think that a review of Eland's testimony indicates that he was not disputing the feasibility of placing an exterior handle on truck # 485 but that he was claiming that such a handle would not assist entry into the cab of the truck. Eland's testimony addressed the purported function of the handle, not the ease with which it could have been installed. Furthermore, it is not clear whether the existence of an exterior handle on Truck # 499 is even relevant to this case. Mack Trucks claims that the exterior handle on Truck # 499 was meant to be used "in tilting the cab," not for assistance in getting in and out of the truck. Moreover, Mack Trucks contends that Truck # 499 and Truck # 485 were different models and thus are not comparable. In view of the foregoing, we think that there was a sufficient basis for the exclusion of the photographs and, therefore, that the district court properly exercised its discretion in denying the Morsonys' request to receive the photographs in evidence.
 
 
 9
 The Morsonys argue that the district court's jury charge was erroneous because it intermingled the elements of negligent design and strict products liability. Because the Morsonys failed to object to the jury charge at trial, we review the jury charge for plain error. See Abou-Khadra v. Mahshie, 4 F.3d 1071, 1078 (2d Cir.1993), cert. denied, 114 S.Ct. 1835 (1994); Fed.R.Civ.P. 51. A review of the record indicates that the district court did not intermingle the elements of negligent design and strict products liability as the Morsonys claim. The court simply did not charge the jury as to negligent design. However, the Morsonys' principal theory at trial was strict products liability. No substantial evidence in support of a negligent design theory was introduced, and the jury would have had no basis for returning a verdict in favor of the Morsonys on a negligent design theory. Moreover, the jury found specifically that there was no defective design, and there could be no recovery on a theory of negligent design in the face of such a finding.
 
 
 10
 We have considered the Morsonys' remaining contentions, and we find them all to be without merit.
 
 
 
 *
 The Honorable Morris E. Lasker of the United States District Court for the Southern District of New York, sitting by designation